USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/4/13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELLSWORTH INVESTMENTS LIMITED, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SINOHUB, INC., HENRY T. COCHRAN, DE HUI LI, LEI XIA, DANIEL CHI KEUNG LUI, and BAKER TILLY HONG KONG,<br><br>Defendants. | No. 1:12-cv-08478-WHP |
| ZHONG HUA ZHANG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SINOHUB, INC., HENRY T. COCHRAN, DE HUI LI, LEI XIA, DANIEL CHI KEUNG LUI, and BAKER TILLY HONG KONG,<br><br>Defendants.<br><br>[Caption continued on following page.] | No. 1:12-cv-08655-WHP |

**[PROPOSED] ORDER APPROVING ELLSWORTH INVESTMENTS LIMITED'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND FOR APPROVAL OF SCOTT+SCOTT, ATTORNEYS AT LAW, LLP AS LEAD COUNSEL**

| | |
|---|---|
| PHOEBE SAAD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SINOHUB, INC., HENRY T. COCHRAN, DE HUI LI, LEI XIA, DANIEL CHI KEUNG LUI, and BAKER TILLY HONG KONG,<br><br>Defendants. | No. 1:12-cv-08725-WHP |
| EILEEN M. VERMILYEA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SINOHUB, INC., HENRY T. COCHRAN, DE HUI LI, LEI XIA, DANIEL CHI KEUNG LUI, and BAKER TILLY HONG KONG,<br><br>Defendants. | No. 1:12-cv-09098-WHP |

Having considered the papers filed in support of Ellsworth Investments Limited's ("Ellsworth Investments") motion for consolidation of the above-captioned actions, for appointment as lead plaintiff and for approval of lead plaintiff's selection of Scott+Scott, Attorneys at Law, LLP (Scott+Scott) as lead counsel (the "Motion"), and for good cause shown, the Court ORDERS as follows:

1.      The Motion is GRANTED;

2.      The above-captioned actions: *Ellsworth Investments Limited v. SinoHub, Inc., et al.*, No. 1:12-cv-08478-WHP; *Zhong Hua Zhang v. SinoHub, Inc., et al.*, No. 1:12-cv-08655-WHP; *Phoebe Saad v. SinoHub, Inc., et al.*, No. 1:12-cv-08725-WHP; and *Eileen M. Vermilyea v. SinoHub, Inc., et al.*, No. 1:12-cv-09098-WHP are hereby consolidated.

3.      The consolidated action, No. 1:12-cv-08478-WHP, shall hereby be captioned "*In re SinoHub, Inc. Securities Litigation.*"

4.      All related actions that are subsequently filed in, or transferred to, this District shall be consolidated into this action for pretrial purposes. This Order shall apply to every such related action, absent order of the Court. A party that objects to such consolidation, or to any other provision of this Order, must file an application for relief from this Order within thirty (30) days after the date on which a copy of the order is mailed to the party's counsel.

5.      This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, for good cause shown.

6.      The docket in Civil Action No. 1:12-cv-08478-WHP shall constitute the Master Docket for this action.

7.      Every pleading filed in the consolidated action shall bear the following caption:

1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE SINOHUB, INC. SECURITIES LITIGATION<br><br><br>This Document Relates To: | Master File No. 1:12-cv-08478-WHP |

8.     The file in Civil Action No. 1:12-cv-08478-WHP shall constitute a Master File for every action in the consolidated action.  When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:".  When a pleading applies only to some, not all, of the actions, the document shall list, immediately after the phrase "This Document Relates:", the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action.

9.     The parties shall file a Notice of Related Cases whenever a case that should be consolidated into this action is filed in, or transferred to, this District.  If the Court determines that the case is related, the clerk shall:

      (a)     place a copy of this Order in the separate file for such action;

      (b)     serve on plaintiff's counsel in the new case a copy of this Order;

      (c)     direct that this Order be served upon defendants in the new case; and

      (d)     make the appropriate entry in the Master Docket.

### Appointment of Lead Plaintiff

10.     Ellsworth Investments is the most adequate plaintiff and is appointed pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the

2

Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, *et seq.*, as Lead Plaintiff for the Class in this consolidated action (and any subsequently consolidated or related actions) to represent the Class.

### Approval of Lead Counsel

11.    Lead Plaintiff's selection of Lead Counsel for the Class in the consolidated action is hereby approved.  The law firm of Scott+Scott is appointed as Lead Counsel pursuant to §21D(a)(3)(B)(v) of the Exchange Act.

**IT IS SO ORDERED.**

DATED: _March 1, 2013_

_____
WILLIAM H. PAULEY
UNITED STATES DISTRICT JUDGE

Submitted By:

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

/s/ Joseph P. Guglielmo
Joseph P. Guglielmo (JG-2447)
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY  10174
Telephone:    (212) 223-6444
Facsimile:    (212) 223-6334
jguglielmo@scott-scott.com

*Counsel for Proposed Lead Plaintiff*
*Ellsworth Investments Limited*

3