USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/14/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                    :
IN RE SINOHUB, INC. SECURITIES         :   Master File No.
LITIGATION                                     :   12 Civ. 8478 (WHP)
                                                    :
This Document Relates To:                  :   MEMORANDUM & ORDER
All Actions
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WILLIAM H. PAULEY III, District Judge:

Lead Plaintiff Ellsworth Investments Limited asks this Court to authorize alternate service pursuant to Rule 4(f)(3) on three of the defendants to this securities fraud action, Henry T. Cochran, Daniel Chi Keung Lui, and Lei Xia (together, the "Individual Defendants"). The Individual Defendants are former officers of Defendant Sinohub, Inc., all currently residing in China. Rather than use the procedures set forth in the Hague Convention, Ellsworth seeks to serve the Individual Defendants through Sinohub's counsel in Boston, Seyfarth Shaw LLP. For the following reasons, Ellsworth's motion is granted with respect to Defendant Cochran, but denied with respect to Defendants Lui and Xia.

BACKGROUND

In November 2012, Ellsworth filed this putative class action against Sinohub alleging federal securities violations. While Ellsworth served Sinohub, it has not been able to serve Cochran (Sinohub's former Chairman, CEO, Secretary, and Treasurer), Lui (former

-1-

Chairman of Sinohub's Audit Committee), and Xia (Sinohub's former President).[1] While Cochran holds a United States passport, Ellsworth believes Lui and Xia are Chinese citizens.

To effectuate service in China through the Hague Convention, Ellsworth asserts that it must obtain each individual defendant's government identification number, which may or may not be the same as the defendant's passport number. Ellsworth argues that alternative service pursuant to Rule 4(f)(3) is warranted because it has been unable to obtain the Individual Defendants' government identification numbers despite hiring a private investigator in China. Ellsworth also contends that Seyfarth Shaw has communicated with the Individual Defendants, who have likely seen the complaint in this action. Seyfarth Shaw responds that it is not authorized to accept service on behalf of the Individual Defendants, nor has it ever represented any of them in their individual capacities.

At a hearing on Ellsworth's motion, Seyfarth Shaw acknowledged that it was "regularly" in touch with Cochran and that Cochran was aware of this lawsuit; in fact Cochran even knew that the hearing on alternate service was taking place. (Hearing Transcript, dated May 29, 2013 ("May Tr.") at 16-17, 20-21.) In early 2013, Seyfarth Shaw participated in a conference call with Cochran and two other individuals that Cochran indicated were Lui and Xia. (May Tr. at 17.) Cochran also copied email addresses apparently belonging to Lui and Xia on several emails with Seyfarth Shaw regarding this lawsuit. (May Tr. at 20.) But Seyfarth Shaw represented that these communications were orchestrated by Cochran and that it could not guarantee it would be able to provide notice to Lui or Xia if ordered by this Court to accept

---

[1] Service of a fourth Defendant, De Hui Li, is not implicated by this motion. Ellsworth has also initiated service through the Hague Convention on Defendant Baker Tilly Hong Kong, Sinohub's former independent registered public accounting firm.

service on their behalf. (May Tr. at 17.) Seyfarth Shaw also stated that it did not possess the government identification numbers for Lui or Xia. (May Tr. at 17.)

DISCUSSION

Rule 4(f) provides for service on a foreign defendant by any internationally agreed means that is reasonably calculated to give notice, such as the Hague Convention, and, if there is no internationally agreed means, by a method that is reasonably calculated to give notice. Under Rule 4(f)(3), a plaintiff may also serve a foreign defendant by an alternative method, so long as it is ordered by a court and not prohibited by international agreement. The alternate method of service must comport with due process, which requires that it be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Luessenhop v. Clinton Cnty., N.Y., 466 F.3d 259, 269 (2d Cir. 2006). "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." RSM Prod. Corp. v. Fridman, No. 06 Civ. 11512 (DLC), 2007 WL 1515068, at *1 (S.D.N.Y. May 24, 2007).

"[T]here is no hierarchy among the subsections in Rule 4(f)." Advanced Aerofoil Techs., AG v. Todaro, No. 11 Civ. 9505 (ALC), 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012) (quoting Rio Props., Inc. v. Rio Intern. Interlink, 284 F.3d 1007 (9th Cir. 2002)). Rule 4(f)(3) is "neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." United States v. Lebanese Canadian Bank SAL, 285 F.R.D. 262, 265 (S.D.N.Y. 2012). Some courts have imposed a threshold requirement for parties to meet before seeking the court's assistance, such as showing that they "have reasonably attempted to effectuate service on the defendant(s) and that the

circumstances are such that the district court's intervention is necessary." Export–Import Bank v. Asia Pulp & Paper Co., Ltd., No. 03 Civ. 8554 (LTS) (JCF), 2005 WL 1123755, at *4 (S.D.N.Y. May 11, 2005). Such courts have found this requirement necessary "in order to prevent parties from whimsically seeking alternate means of service and thereby increasing the workload of the courts." Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria, 265 F.R.D. 106, 115-16 (S.D.N.Y. 2010). Further, in cases involving service on a person residing in a country that is a signatory to the Hague Convention, courts have often imposed a requirement that litigants first attempt service by means of the Hague Convention before seeking court-ordered alternative service under Rule 4(f)(3). See, e.g., Devi v. Rajapaska, No. 11 Civ. 6634 (NRB), 2012 WL 309605, at *2 (S.D.N.Y. Jan. 31, 2012). But such a showing is not required under Rule 4.

Ellsworth argues that service upon Seyfarth Shaw comports with the requirements of Rule 4(f)(3) while avoiding the delays and complications associated with the Hague Convention. Because the alternate service does not involve the transmittal of any documents abroad, it is not in violation of any international agreement. RSM Prod. Corp., 2007 WL 2295907, at *3 n.5. ("Service on a foreign defendant pursuant to the [Hague Service Convention] is mandatory when serving a defendant who resides in [a signatory nation] . . . only when service is effected . . . by transmitting documents abroad") (internal quotations omitted).

Ellsworth also relies on In re GLG Life Tech Corp. Securities Litigation, in which Magistrate Judge Gorenstein found that service of individual corporate officers in China through the corporation's counsel in the United States comported with due process because it was "virtually guaranteed" to provide notice to the individual officers. In re GLG Life Tech Corp.

Sec. Litig., 287 F.R.D. 262, 266, 267 (S.D.N.Y. 2012). In In re GLG Life Tech however, the individual defendants were not Chinese citizens, but had gone to China to evade that lawsuit. Here, Lui and Xia are Chinese citizens, living in China. As such, this Court finds in its discretion that Ellsworth should first attempt to effect service on these defendants through the Hague Convention. While Ellsworth argues that its private investigator has been unable to locate Lui and Xia's government identification numbers, the affidavit submitted by the investigator indicates only that he has searched public databases of corporate entities located in China and Hong Kong. (Affidavit of J. Alex Vargas, dated June 5, 2013 at 2.) Ellsworth's request to bypass the Hague Convention after a trail of public records turned cold strikes this Court as a measure of convenience rather than necessity.

Further, while the record indicates that Lui and Xia are aware of this lawsuit, Seyfarth Shaw has communicated with them only twice, both times with Cochran as a conduit. Where a defendant's level of communication with counsel is too attenuated, service through counsel does not comport with due process. Though it may ultimately prove unsuccessful, a formal effort to serve Lui and Xia through the Hague Convention in the first instance promotes the important goal of providing foreign citizens with actual notice of the specific allegations in the complaint. See Devi, 2012 WL 309605, at * 2. Ellsworth's motion for service pursuant to Rule 4(f)(3) on Lui and Xia is therefore denied at this time.

Cochran, however, is not a Chinese citizen. And there is no question that he is aware of this lawsuit and in regular communication with Seyfarth Shaw. "[I]t is impossible to imagine that a corporation's attorney would not advise the corporation's Chairman and Chief Executive Officer of the fact that service destined for that officer had been made upon its

attorney." In re GLG Life Tech, 287 F.R.D. at 267. Thus, alternate service through Seyfarth Shaw comports with due process as to Cochran, and Ellsworth's motion with respect to him is granted.

## CONCLUSION

For the foregoing reasons, Ellsworth's motion to serve Henry Cochran pursuant to Rule 4(f)(3) through service on Sinohub's counsel, Seyfarth Shaw is granted. Seyfarth Shaw is ordered to accept service on behalf of Cochran. Ellsworth's motion to serve Daniel Chi Keung Lui and Lei Xia through Seyfarth Shaw is denied without prejudice. The Clerk of Court is directed to terminate the motion pending at ECF No. 32.

Dated: August 14, 2013
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*All Counsel of Record*