**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE SINOHUB SECURITIES LITIGATION<br><br>This Document Relates to: All Actions | No. 1:12-cv-08478-WHP<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

WHEREAS, this consolidated proposed class action is pending before the Court entitled *In re SinoHub Securities Litigation,* Case No. 12 CV 8478 (WHP) (the "Action");

WHEREAS, the Court has received the Stipulation and Agreement of Settlement dated January 30, 2015 (the "Stipulation"), that has been entered into by the Settling Parties, and the Court has reviewed the Stipulation and the exhibits annexed thereto (collectively, the "Exhibits") and having resolved the issue pertaining to the Li Derivative Action;

WHEREAS, the Settling Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with the Stipulation, which together with the Exhibits, sets forth the terms and conditions for a proposed settlement of the Action (the "Settlement") and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation, the Exhibits and the Notice of Lead Plaintiff's Unopposed Motion for Preliminary Approval of the Class Action Settlement (the "Motion") and Memorandum of Law in support thereof; and

WHEREAS, all capitalized terms not defined herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court does hereby preliminarily certify a Class of all Persons or entities that purchased or otherwise acquired SinoHub's common stock during the Class Period. Excluded from the Class are the Defendants, officers, and directors of the Company, as well as their

families and the families of the Defendants, those holding 5% or more of SinoHub's outstanding shares, and any member of the Class who has validly and timely requested exclusion from the Class.

2.     Lead Plaintiff Ellsworth Investments Limited is preliminarily certified as Class Representative for the Class, and the law firm of Scott+Scott, Attorneys at Law, LLP is preliminarily appointed Lead Counsel for the Class.

3.     Solely for the purposes of the Stipulation and the Settlement, the Court preliminarily finds that the requirements of the Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied as follows:  (a) the members of the Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) the Settlement presents  common questions of law and fact to the Class which predominate over any individual questions; (c) the claims of the named Plaintiff are typical of the claims of the Class; (d) Plaintiff and its counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

4.     If for any reason the Effective Date, as defined in paragraph 1.9 of the Stipulation does not occur, this conditional certification of the Class shall be deemed null and void without the need for further action by the Court or any of the Settling Parties.  In such circumstances, each of the Settling Parties shall retain its currently existing rights to seek or to object to the certification of this Action as a class action under Federal Rule of Civil Procedure 23, or any state or federal rule, statute, law, or provision, and to contest and appeal any grant or denial of certification in this Action or in any other litigation on any other grounds.

5.      The Court hereby preliminarily approves the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Settlement Hearing described below.

6.      A hearing (the "Final Approval Hearing") shall be held before this Court on [at least 75 days after Notice Date—Notice Date is 20 days after (1) Preliminary Approval and (2) allowance of Lead Plaintiff's motion to compel or enforce the settlement agreement reached in the Li Derivative Action] _____, 2015, at ___, __.m., at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation should be approved by the Court as fair, reasonable and adequate to the Class Members; whether, thereafter, the Action should be dismissed with prejudice; whether the proposed Plan of Distribution, as set forth in ___ of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), is fair, reasonable and adequate and therefore should be approved; whether the Class should be certified for purposes of the Settlement only pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3); and whether the application of Lead Plaintiff for payment of costs and expenses and of Lead Counsel for the payment of attorneys' fees and expenses incurred in connection with the Action should be approved.  The Court may adjourn the Final Approval Hearing without further notice to Class Members.

7.      The Court approves, as to form and content, the Post Card Notice, Notice, Summary Notice, and the Proof of Claim and Release form (the "Proof of Claim") for publication annexed as Exhibits A-1, A-2, A-3, and A-4 to the Stipulation, and finds that the mailing and distribution of the Post Card Notice, and the publishing of the Notice and Summary Notice in the manner and form set forth below meet the requirements of Federal Rule of Civil Procedure 23, the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended, including the Private Securities Litigation Reform Act of 1995, and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Class Members entitled thereto.

8.      The firm of KCC, LLC or its successor (the "Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below;

a.      Within seven (7) business days of entry of this Order, Defendants will make their best efforts to cause the Company's transfer agent to provide to the Claims Administrator the last known names and addresses of all shareholders of record.  The Settlement Fund shall bear any reasonable expenses associated with providing such names and addresses and the format shall be in a form acceptable to Lead Counsel and the Claims Administrator;

b.      Not later than _____, which is twenty (20) calendar days following the later of (1) the date of this Order Preliminarily Approving Settlement and Providing for Notice and (2) this Court's order granting Lead Plaintiff's motion to compel or enforce the settlement agreement reached in the Li Derivative Action (the "Notice Date"), Plaintiff's Lead Counsel shall cause the Claims Administrator to mail to all shareholders of record identified by the Company's transfer agent a copy of the Notice and Proof of Claim;

c.      Not later than _____ (the Notice Date), Lead Counsel shall cause the Claims Administrator to have the Notice and the Proof of Claim posted on the Claims Administrator's website or a website dedicated to this Settlement created by the Claims Administrator;

d.      Not later than _____ (the Notice Date), Plaintiff's Lead Counsel shall cause the Claims Administrator to publish a Summary Notice, once in the national edition of the *Investor's Business Daily* and once over the PR Newswire; and

e.      At least seven (7) days prior to the Final Approval Hearing, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

9.      The Claims Administrator shall use reasonable efforts to give notice to brokers and other nominees who purchased or otherwise acquired SinoHub stock for the benefit of another Person during the Class Period.  Such brokers and other nominees are directed to either:

(a) send the Notice and the Proof of Claim to all such beneficial owners of SinoHub stock, postmarked within ten (10) calendar days after receipt thereof; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator postmarked within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall mail the Notice and the Proof of Claim to such beneficial owners within seven (7) calendar days after receipt thereof.  Upon full compliance with this Order, such nominees may seek reimbursement solely for their reasonable out-of-pocket expenses actually incurred in complying with this Order, which expenses would not have been incurred except for the sending of such notice, by providing the Claims Administrator with proper documentation supporting the expenses incurred by nominees in compliance with the terms of this Order.  Such reasonable out-of-pocket expenses shall be paid from the Settlement Fund, subject to further order of this Court with respect to any dispute concerning such compensation.

10.     All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

11.     Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proof of Claim and Release forms must be submitted no later than ninety (90) calendar days from the Notice Date.  Any Class Member who does not timely submit a Proof of Claim and Release within the foregoing time provided for shall be barred from sharing in the distribution of the net proceeds of the Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determination and judgments as provided in this Order and the Settlement.  Notwithstanding the foregoing, Plaintiff's Lead Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

12.     Any Class Member may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If any Class Member does not enter an appearance, he, she or it will be represented by Plaintiff's Lead Counsel.

13.     Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class.  Any such person must submit to the Claims Administrator a written request for exclusion ("Request for Exclusion"), postmarked no later than [at least 14 days before date of Final Approval Hearing] _____, 2015.  A Request for Exclusion must be signed and:  (a) state the name, address, and telephone number of the Person requesting exclusion; (b) demonstrate via brokerage statement, affidavit, confirmation slips, or other documentation, the Person's purchases of SinoHub stock during the Class Period, including the dates, the number of shares of SinoHub stock purchased, and the price paid for each such purchase; and (c) state that the Person wishes to be excluded from the Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

14.     Any Class Member who objects to any aspect of the Settlement, the Plan of Distribution, the application for attorneys' fees and expenses, or Lead Plaintiff's application for reimbursement of costs and expenses may appear and be heard at the Final Approval Hearing; provided, however, that any such Person must submit a written notice of objection, received on or before [at least 14 calendar days before the date of the Final Approval Hearing] _____, by each of the following:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY  10007

SEYFARTH SHAW LLP
William L. Prickett
Erik W. Weibust
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA  02220-2028

*Attorneys for Defendant SinoHub*

WHITE AND WILLIAMS LLP
Jay Shapiro
Michael Onufrak
Primotivo J. Cruz
One Penn Plaza
250 W. 34th Street, Suite 4110
New York, NY 10119


*Attorneys for Defendant De Hui Li*

CROWE & DUNLEVY, P.C.
Harry A. Woods, Jr.
Bruce W. Day
Mary H. Tolbert
324 North Robinson Avenue, Suite 100
Oklahoma City, OK 73102

*Attorneys for Baker Tilly*

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
David R. Scott
Joseph P. Guglielmo
Amanda F. Lawrence
The Chrysler Building,
405 Lexington Avenue, 40th Floor
New York, NY 10174

*Lead Counsel for Plaintiff*

15.     The written objections must (a) demonstrate via brokerage statements, affidavit, confirmation slips or other documentation, the objecting Person's membership in the Class; and (b) contain a statement of the reasons for objection. Any Class Member who does not make his, her or its objection in the manner provided in this paragraph shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Distribution, to the award of attorneys' fees and expenses to Lead Counsel, or to the award of expenses to Lead Plaintiff, unless otherwise ordered by the Court.

16.     The Defendants shall cause the payment of $625,000 (the "Settlement Amount") to be transferred to the Escrow Agent as set forth in the Stipulation.  Within 20 days after the Court enters (1) an order preliminarily approving the Settlement and (2) an order granting Lead Plaintiff's motion to compel or enforce the settlement agreement reached in the Li Derivative Action, Defendants shall cause $100,000 of the Settlement Amount to be deposited into the escrow account to cover the anticipated costs of settlement administration and notice to the Class.  On or before five business days after the Court's order granting final approval of the Settlement, Defendants shall cause the balance of the Settlement Amount to be deposited into the escrow account.

17.     All funds held in the escrow account shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18.     All papers in support of the Settlement, the Plan of Distribution, and any application by Lead Counsel for attorneys' fees or expenses or by Lead Plaintiff for its expenses shall be filed and served no later than twenty-one (21) calendar days prior to the Final Approval Hearing, and all reply memoranda in support of such motions shall be filed and served no later than seven (7) calendar days prior to the Final Approval Hearing.

19.     Neither Defendants, the Released Parties nor Defendants' counsel shall have any responsibility for the Plan of Distribution or any application for attorneys' fees or expenses submitted by Plaintiff's Lead Counsel or the Lead Plaintiff (other than responding in full to any inquiries from the Court regarding attorneys' fees or expense applications by Plaintiff's Lead Counsel), and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

20.     At or after the Final Approval Hearing, the Court shall determine whether the Plan of Distribution proposed by Plaintiff's Lead Counsel and any application for attorneys' fees or expenses or Lead Plaintiff's expenses shall be approved.

21.     All reasonable fees and expenses incurred in identifying and notifying Class Members, obtaining dismissal of, and a covenant not to sue in, the Li Derivative Action, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶2.2 and ¶5.4 of the Stipulation.

22.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault or wrongdoing of any kind, or as an admission or concession by Plaintiff that liability against Defendants did not exist or that the amount recoverable was not greater than the Settlement Amount.

23.     Pending final approval of the Court of the Stipulation and its Exhibits, all proceedings in this Action, other than those preparatory to the Final Approval Hearing, shall be stayed.

24.     Pending final approval of the Court of the Stipulation and its Exhibits, all Persons shall be barred from prosecuting any Released Claim(s).

25.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED

DATED:_____          _____
                                     THE HONORABLE WILLIAM H. PAULEY, III
                                     UNITED STATES DISTRICT JUDGE