**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE SINOHUB SECURITIES LITIGATION<br><br>This Document Relates to: All Actions | No. 1:12-cv-08478-WHP |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF LEAD PLAINTIFF'S MOTION**
**FOR DISTRIBUTION OF CLASS SETTLEMENT FUND**

## INTRODUCTION

Lead Plaintiff Ellsworth Investments Limited ("Lead Plaintiff" or "Plaintiff"), individually and on behalf of the Settlement Class[1], respectfully submits this Memorandum of Law in support of its motion for entry of an order: (i) approving the administrative determinations of the Claims Administrator, KCC, LLC ("KCC"); (ii) directing payment of administrative costs and fees incurred, and to be incurred, in connection with the services performed, and to be performed, with respect to the administration of the Settlement Fund; (iii) directing distribution of the Net Settlement Fund, after deduction of the payments requested herein, to Class Members whose Proofs of Claim have been accepted; (iv) approving the disposition of any unclaimed and uncashed portion of the Settlement Fund; (v) selecting a *cy pres* beneficiary which will receive any residual remaining funds six months after the date of the last feasible distribution (whether by reason of tax refunds, uncashed checks, or otherwise); (vi) barring any further claims against the Settlement Fund and release and discharge all persons involved in the administration of the Settlement from any and all claims arising out of such involvement; and (vii) authorizing destruction of paper copies of Proofs of Claim one year after distribution of the Net Settlement Fund and destruction of electronic copies of claim records three years after distribution of the Net Settlement Fund.

**I.   THE COURT SHOULD APPROVE THE CLAIMS ADMINISTRATOR'S DETERMINATION ACCEPTING AND REJECTING CLAIMS**

Pursuant to the Stipulation, and as set forth in the Notice disseminated in connection with the Settlement, all Class Members wishing to participate in the Net Settlement Fund were

---

[1]   Unless otherwise noted, all capitalized terms are defined in the Stipulation, which, along with its exhibits, was filed as an attachment to the Declaration of Joseph P. Guglielmo filed concurrently with Plaintiff's Motion for Preliminary Approval of Class Action Settlement (ECF No. 126-1.

required to submit valid and timely Proof of Claim forms together with adequate supporting documentation for the transactions reported therein. KCC received and reviewed 634 unique Proofs of Claim. *See* Affidavit of Justin R. Hughes in Support of Lead Counsel's Motion for Distribution of the Net Settlement Fund ("Hughes Decl."), ¶6. To the extent that a claim was deficient in any regard, KCC notified the claimant of the deficiency and advised the claimant as to the possible ways to cure the deficiency. *Id*., ¶¶21-28. This administration process is complete and KCC has determined that 213 claims are acceptable in whole or in part and 421 should be wholly rejected. *Id.*, ¶37. KCC properly rejected the 421 claims for the reasons stated in the Hughes Decl. at ¶37.

| **Reason for Ineligibility** | **Number of Proofs of Claim** |
|---|---|
| Claim Did Not Result in a Recognized Loss | 347 |
| Deficient Proof of Claim Never Cured | 56 |
| Claim Did Not Fit Definition of Class | 10 |
| Duplicate Proof of Claim | 8 |
| **Total Rejected Claims** | 421 |

Additionally, KCC has received 137 Proofs of Claim that were postmarked after the November 9, 2015 deadline. *Id.*, ¶30. KCC has reviewed and processed all 137 of the untimely Proofs of Claim and has found 60 to be otherwise eligible. *Id.* The determination whether or not to allow the participation of late claimants in a class action settlement is an equitable decision within the discretion of the Court. *See In re Citigroup Inc. Sec. Litig.*, No. 09-Md-2070 (SHS), 2014 WL 7399039, at *4 (S.D.N.Y Dec. 29, 2014). It is Lead Plaintiff's and KCC's belief that, when the equities are balanced, it would be unfair to prevent an otherwise valid claim from participating in the Net Settlement Fund solely because it was submitted after the cut-off date,

but while claims were still being processed. *Id.* Because the untimely filing of these otherwise valid claims had not caused significant delay to the distribution of the Net Settlement Fund, Lead Plaintiff requests that the Court approve payment of the 60 late, but otherwise eligible claims. *See, e.g.*, *In re Gilat Satellite Networks, Ltd.*, No. CV-02-1510 (CPS), 2009 WL 803382, at *6 (E.D.N.Y. Mar. 25, 2009) (allowing late claimants to participate in the settlement "[b]ecause there is no showing of delay or prejudice"). On the other hand, acceptance of any Proofs of Claim received after September 12, 2016, would cause a delay in the distribution. It is, therefore, respectfully requested that this Court enter an Order directing that no Proof of Claim received after September 12, 2016 be accepted for any reason whatsoever, and that no further adjustments to claims may be made for any reason after September 12, 2016.

For the foregoing reasons, as well as those set forth in the Hughes Decl., Lead Plaintiff respectfully requests that the Court approve KCC's administrative determinations accepting and rejecting claims.[2] *See* Hughes Decl., ¶38.

## II. THE COURT SHOULD DIRECT PAYMENT OF ADMINISTRATIVE COSTS AND FEES INCURRED IN CONNECTION WITH THE ADMINISTRATION OF THE SETTLEMENT FUND

Pursuant to the Stipulation, Defendants made an initial deposit of $100,000 of the Settlement Amount into the escrow account to cover the anticipated costs of settlement administration and notice to the Class. Stipulation, ¶2.1.

In addition to mailing notice to the Class, KCC has processed claims, prepared the tax

---

[2]   A list of the Proofs of Claim submitted and their ultimate disposition is contained in Exhibit B to the Hughes Decl., which consists of Exhibits B-1, B-2, and B-3. Exhibit B-1, entitled "Timely Eligible Claims," and Exhibit B-2, entitled "Late But Otherwise Eligible Claims," list all accepted Proofs of Claim and state their total principal balances of eligible notes. Exhibit B-3, entitled "Rejected Claims," lists all rejected Proofs of Claim. For privacy reasons, Exhibits B-1, B-2, and B-3 provide only the claimant's claim number and outcome (no names, addresses, taxpayer IDs, social security numbers, or social security insurance numbers are disclosed). *See* Hughes Decl., ¶38.

returns for the Settlement Fund, and will distribute the Settlement Fund to Authorized Claimants. Hughes Decl., ¶40. Accordingly, based on the work performed by KCC, and the information contained in the Hughes Decl., Lead Plaintiff requests that the Court authorize the dispersal of an additional $75,905.31 from the Settlement Fund to KCC in payment for the balance of its fees and expenses incurred, and to be incurred, in connection with its services performed, and to be performed. Lead Plaintiff's Counsel will make arrangements to wire $75,905.31 to KCC for payment of the total claims administration fees, so that the remainder of the Settlement Fund can be distributed to Class Members who have recognized claims.

### III.   THE COURT SHOULD DIRECT DISTRIBUTION OF THE NET SETTLEMENT FUND

KCC, under the supervision of Lead Plaintiff, has determined that 213 members of the Settlement Class have submitted valid and timely Proofs of Claim to KCC. Hughes Decl., ¶37. These Claims are listed on Exhibit B-1 of the Hughes Declaration. *Id.*, ¶38. The sum total of Recognized Losses for all provisionally accepted Proofs of Claim calculated in accordance with the Court-approved Plan of Distribution is $3,987,120.70. *Id.,* ¶39. According to the Plan of Distribution, each Authorized Claimant who has submitted a valid and timely claim is entitled to their *pro rata* share distribution of the Net Settlement Fund based on his or her Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. *Id.* Upon the Court's approval, KCC will prepare and mail checks to all Authorized Claimants for their *pro rata* share of the Net Settlement Fund. *Id.*

Therefore, it is respectfully requested that the Court enter an Order authorizing distribution of the balance of the Settlement Fund, after the deduction of the fees and expenses previously allowed and requested herein, to the Class Members whose claims have been accepted in proportion to their recognized claims.

### IV. THE COURT SHOULD APPROVE THE DISPOSITION OF ANY UNCLAIMED/UNCASHED PORTION OF THE SETTLEMENT FUND

Although KCC hopes to distribute 100% of the available balance of the Net Settlement Fund, it may be expected that not all of the payments to be distributed to the Class Members will be cashed. In order to encourage Authorized Claimants to cash their Distribution checks promptly, and to avoid or reduce future expenses relating to unpaid Distribution checks, all Distribution checks will bear the notation: "CASH PROMPTLY. VOID IF NOT CASHED 90 DAYS AFTER ISSUE DATE." *Id.*, ¶41(b). Authorized Claimants who do not cash their Distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement. *Id.*, ¶41(c). The funds allocated to all such stale-dated checks will be available to be distributed to other Authorized Claimants in any redistribution of the Net Settlement Fund. *Id.* If it is not feasible to make a second distribution, any remaining balance shall be donated to a secular 501(c)(3) non-profit organization selected by the Court. *Id.*, ¶41(d).

### V. THE RESIDUAL FUND SHOULD BE DISTRIBUTED TO A *CY PRES* BENEFICIARY SELECTED BY THE COURT

With respect to any funds that remain in the Net Settlement Fund after the Distribution because of uncashed checks or otherwise, KCC will make reasonable and diligent efforts to have Authorized Claimants cash their Distribution checks (which efforts shall consist of the extensive follow-up efforts described above). *Id.,* ¶41(d). Nevertheless, some settlement Class Members will not cash their checks, leading to a residual balance in the Settlement Fund ("Residual Fund"). Pursuant to Section 5.9 of the Stipulation and the Court's Final Judgment and Order of Dismissal With Prejudice, dated November 13, 2015 (ECF No. 137), ¶14, "if there is any balance remaining in the Net Settlement Fund after all distributions are made, Class Counsel and Defendants shall file a motion to distribute any remaining balance to a secular 501(c)(3) non-

profit organization which shall be selected and approved by the Court." *See id.*, ¶14. Given that there only are 213 valid Proofs of Claim submitted to date and the cost associated with distribution of funds, a second distribution is unlikely to be feasible. As a result, the Residual Funds after the first distribution will likely be directed to a *cy pres* beneficiary. The Court's selection of a *cy pres* beneficiary now, as opposed to later, would obviate the necessity of filing a motion for distribution after the first distribution.

## VI. THE COURT SHOULD BAR ANY FURTHER CLAIMS AGAINST THE SETTLEMENT FUND

It is further respectfully requested that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein or otherwise involved in the administration or taxations of the Settlement Fund or the Net Settlement Fund, including Lead Plaintiff's Counsel and KCC (collectively, "Released Persons"), be released and discharged from any and all claims arising out of such involvement and all Class Members be barred from making any further claim against the Net Settlement Fund or the Released Persons beyond the amount allocated to them.

## VII. THE COURT SHOULD AUTHORIZE THE DESTRUCTION OF PAPER AND ELECTRONIC COPIES OF PROOFS OF CLAIM RECORDS

Lead Plaintiff respectfully requests that the Court order that: (i) no less than one year after distribution of the Net Settlement Fund, KCC destroy the paper copies of the Proofs of Claim and all supporting documentation; and (ii) no less than three years after the distribution of the Net Settlement Fund, KCC destroy the electronic copies of the Proofs of Claim and all supporting documentation. *Id.*, ¶41(f).

## **CONCLUSION**

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court enter the Class Settlement Fund Distribution Order submitted herewith.

Dated:  November 10, 2016
        New York, New York

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

/s/ Joseph P. Guglielmo
JOSEPH P. GUGLIELMO (JG-2447)
DONALD BROGGI
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Tel.: (212) 223-6444
Fax: (212) 223-6334
Email:  jguglielmo@scott-scott.com
        dbroggi@scott-scott.com

-and-

DAVID R. SCOTT (DS-8053)
AMANDA F. LAWRENCE (AL-8804)
ANDREA FARAH (AF-7328)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Tel.: (860) 537-5537
Fax.: (860) 537-4432
Email: david.scott@scott-scott.com
        alawrence@scott-scott.com
        afarah@scott-scott.com

*Counsel for Lead Plaintiff
Ellsworth Investments Limited*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

/s/ Joseph P. Guglielmo
JOSEPH P. GUGLIELMO (JG-2447)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Tel.: (212) 223-6444
Fax: (212) 223-6334
Email: jguglielmo@scott-scott.com